AMENDED ALD-226                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2211
_____

IN RE:  JAY THOMAS,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-10-cv-03898)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: July 20, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner Jay Thomas, proceeding pro se, seeks a writ of mandamus compelling

the United States District Court for the District of New Jersey to rule on his motion to

reopen the case filed in January 2011.

Thomas originally filed his complaint in August 2010, which he amended in

November 2010.  On December 10, 2010, Thomas filed an "application/petition to

dismiss…," which the District Court granted "voluntarily and without prejudice" on

December 13, 2010. On January 10, 2011, Thomas filed a motion for relief from judgment or to reopen the complaint. The docket indicates that the defendants filed responses in opposition to reopening and The County of Bergen Special Transportation ("Bergen County") filed a motion to dismiss the complaint in January 2011. Thomas filed an opposition to the motion to dismiss to which Bergen County replied in February 2011. Thomas filed a memorandum in opposition to Bergen County's motion to dismiss on February 15, 2011. About three months later, on May 6, 2011, Thomas filed an affidavit and an "amended application to transfer venue." He then filed the current petition for a writ of mandamus on May 9, 2011.

Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although district courts are generally given discretion to control their dockets, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79.

Here, there is no basis for granting the petition for a writ of mandamus, as there

2

has been no undue delay in adjudication of Thomas's motion for relief from judgment or to reopen the complaint. The district court docket reflects that Thomas's motion for relief from judgment or reopen the complaint and Bergen County's motion to dismiss were ready for disposition no earlier than February 15, 2011.

While we may issue a writ of mandamus in response to undue delay, only a few months have passed since Thomas's motion for relief from judgment or to reopen his complaint has been ready for disposition. This short time (of about four months) does not warrant mandamus relief. Cf. Madden, 102 F.3d at 79 (eight months of inaction on motions is not sufficient to compel mandamus). We are fully confident that the District Court will rule on Thomas's motion without undue delay. Thomas's petition for a writ of mandamus will be denied. In light of our disposition, Thomas's motion seeking to expedite this matter and to appoint counsel is denied as moot.